EDOK Criminal Complaint (Revised 6/13)

# United States District Court

## EASTERN DISTRICT OF OKLAHOMA

**UNITED STATES OF AMERICA,**

***Plaintiff,***

**v.**

**PARKER KYLE TAYLOR,**

***Defendant.***

**CRIMINAL COMPLAINT**

**Case No.** 26-MJ-223-JAR

I, Kimberly Vargas, the undersigned complainant, state that the following is true to the best of my knowledge and belief.

On or about July 26, 2026, in the Eastern District of Oklahoma, **PARKER KYLE TAYLOR** committed the crime of **Assault with a Dangerous Weapon with Intent to do Bodily Harm in Indian Country** in violation of Title 18, United States Code, Sections 113(a)(3), 1151, and 1153.

I further state that I am a Special Agent with the Federal Bureau of Investigation, and that this complaint is based on the following facts:

(See attached Affidavit of Kimberly Vargas which is attached hereto and made a part hereof by reference.)

☒ Continued on the attached sheet.

KVargas

Kimberly Vargas
Special Agent
Federal Bureau of Invesitgation

Sworn to on August 14,2026.

JASON A. ROBERTSON
UNITED STATES MAGISTRATE JUDGE
Name and Title of Judicial Officer

Jason A. Robertson

Signature of Judicial Officer

**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA**

**AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT**

I, Special Agent Kimberly Vargas, being duly sworn, depose and state that:

1. Your Affiant is employed as a federal law enforcement officer within the meaning of Federal Rules of Criminal Procedure 41 (a)(2)(C), that is a government agent engaged in enforcing the criminal laws and duly authorized by the Attorney General to request a search warrant. I have been a Special Agent with the Federal Bureau of Investigation ("FBI") since 2014. I am currently assigned to the Oklahoma City Division, Durant Resident Agency. My responsibilities include the investigation of possible violations of federal law, including the investigation of Indian Country violations under Title 18, United States Code, Sections 1151, 1152, and 1153.

2. As a Federal Agent, I am authorized to investigate violations of the laws of the United States, and to execute warrants issued under the authority of the United States.

3. The statements contained in this Affidavit are based in part on: information provided by other agencies, written reports about this and other investigations that I have received, directly or indirectly, from other law enforcement agents; independent investigation; and my experience, training, and background as a Special Agent with the FBI. Because this Affidavit is being submitted for the limited purpose of establishing probable cause to believe that PARKER KYLE TAYLOR, committed the below-described offense, I have not included every detail of the investigation. In addition, unless otherwise indicated, all statements contained in this Affidavit are summaries in substance and in part. The following is true to the best of my knowledge and belief.

**PROBABLE CAUSE**

4. The incident occurred at 436724 E 1955 Road, near Goodwater/Fort Towson, Oklahoma — within the boundaries of the Choctaw Nation (Indian Country) and within the Eastern District of Oklahoma federal jurisdiction. Parker Kyle Taylor is a verified enrolled tribal member of the Choctaw Nation of Oklahoma, Membership Number CN175308. Deputy Zachary Williams, the responding officer, is also a Choctaw Nation tribal member. Because the suspect is an Indian and the offense occurred in Indian Country, federal jurisdiction applies under the Major Crimes Act, 18 U.S.C. § 1153.

5. On July 26, 2026, Pushmataha County Sheriff's Office was dispatched to a domestic disturbance involving Parker Kyle Taylor, who had physically assaulted multiple family members at the residence listed above. Taylor armed himself with a knife and made repeated threats to kill or harm others.

6. According to witness interviews, Taylor armed himself with a white-handled fillet knife and attempted to stab his brother, Hobie Taylor Jr., by lunging and swinging the knife toward him. Witnesses described the attack as narrowly missing Hobie Jr. by inches.

7. Taylor admitted in his post-incident Oklahoma State Bureau of Investigation (OSBI) interview that he swung the knife toward Hobie Jr. and that he intentionally attempted to scare him. Taylor stated that if he wanted to stab Hobie Jr., he "would have." Witnesses confirmed Taylor threatened numerous family members with the knife, creating imminent danger of serious bodily injury.

8. Deputy Zachary Williams arrived on scene in a marked Pushmataha County Sheriff's Office Ford Explorer patrol vehicle. As Williams drove up, Taylor threw rocks at the vehicle, damaging the windshield, breaking through the windshield, and injuring the deputy with

flying glass. Body camera review and witness interviews confirmed Taylor then entered the driver's seat of Deputy Williams' patrol unit while still armed with the knife and in active confrontation with the deputy.

9. Deputy Williams stated Taylor attempted to manipulate the vehicle controls and was in the driver's seat long enough to pose a threat of stealing the vehicle. Williams advanced toward Taylor to prevent him from taking the running patrol unit, which contained a patrol rifle inside. Taylor admitted to OSBI investigators on July 27, 2026, that he entered the patrol unit intending to steal the vehicle, stating he "didn't have time to see where the gear shifter was" before the deputy approached.

10. When Williams approached the patrol unit to stop Taylor's attempt to steal the vehicle, Taylor exited the patrol unit and advanced toward the deputy with the knife causing Williams to back away. Taylor picked up another rock, walking towards Williams while repeatedly telling Williams to "shoot" him, and remained armed with the knife. Deputy Williams stayed back and tried to diffuse the situation. Taylor continued to yell at the officer, stated "I'm not going back to jail. Fuck you." and then closed distance aggressively and ultimately lunged at the deputy with the knife positioned in his fist. Williams discharged his firearm twice striking Taylor once in his lower side/back. Williams then radioed for other deputies and began providing medical care for Taylor until others arrived.

11. Witnesses later reported Taylor said he intended to provoke police into killing him. Family members indicated this was consistent with statements Taylor made over prior months.

12. Taylor was transported to a hospital and has now been released after receiving medical treatment for his injury.

## CONCLUSION

13. Based on the facts above, there is probable cause to believe that on July 26, 2026, Parker Kyle Taylor committed: Assault With a Dangerous Weapon With Intent to do Bodily Harm in Indian Country in violation of 18 U.S.C. §§ 113(a)(3), 1151 and 1153.

Respectfully Submitted,

KVargas
________________________________
Kimberly Vargas, Special Agent
Federal Bureau of Investigation

Sworn before me this 14th day of August 2026.

________________________________
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF OKLAHOMA